AO 472 (Rev. 6/05) Order of Detention Pending Trial

# United States District Court
## Eastern District of Michigan

United States of America                **ORDER OF DETENTION PENDING TRIAL**
       v.

Dung Duc Vu                             Case Number: 04-80394
                                        Arthur J. Tarnow

    Defendant

    In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I – Findings of Fact

(1) I find that:
- ✔ there is probable cause to believe that the defendant has committed an offense
- ✔ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 841 or 846;
- ❏ under 18 U.S.C. § 924(c).

✔ (2) I further find that the defendant has not rebutted the presumption established by finding that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

✔ I find that the government has established by a preponderance of the evidence that there is a serious risk that the defendant will not appear.

❏ I find that the government has established by clear and convincing evidence that there is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II – Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing established the following factors under 18 U.S.C. § 3142(g):

✔ (a) nature of the offense–a joint Canadian/US investigation of def and others involved in distribution of marijuana, from truckloads–generally marijuana grown in Toronto beginning in 2003. A Mr. Gill was the router of the marijuana, to Michigan and other states–NC., Pennsylvania, Texas, Chicago. July 2003 wiretaps show that def and Gill discussed/argued about "paper" (i.e. money) for a prior shipment of drugs. Some phone calls from def regarding loss or mis-delivery of marijuana. Conspiracy involved tons of marijuana. Search warrant of def's residence found $200,000 cash, some marijuana, several hundred pounds of Ecstacy, and hockey bags used in this case to transport mj. Def arrested returning from Asia.

✔ (b) weight of the evidence–def has been indicted, seizure of 400 pounds of marijuana directly linked to this def, wiretaps confirm defendant's involvement.

✔ (c) history and characteristics of the defendant –def has criminal record in Canada, frequently travels to VietNam
    ✔ 1) physical and mental condition–no history of physical or mental illness
    ✔ 2) employment, financial, family ties–Def is a naturalized Canadian citizen (11 years per PTS), has a Canadian girlfriend/common law wife (stable for three years per PTS)
    ✔ 3) criminal history and record of appearance–no evidence of non-appearance, some reference to Canadian Fraud charges but nothing on the record per PTS.
✔ (d) probation, parole or bond at time of the alleged offense–no
✔ (e) danger to another person or community–drug sales only. . no testimony of weapons or violence.

**Defendant has no ties to this district and travels frequently to VietNam. Although has some positive factors, given the breadth of the conspiracy, the time of the conspiracy, the complexity of the organization, and def's access to large amounts of cash as found in the search of his residence, the court finds that he has not rebutted the presumption of detention.**

### Part III – Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending

appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

|  |  |
|---|---|
| *Date* 7/14/06 | s/Virginia M. Morgan |
|  | *Signature of Judge* |
|  | Virginia M. Morgan, United States Magistrate Judge |
|  | *Name and Title of Judge* |